## Owensboro City Railroad Company v. Haden.

## Louisville, Henderson & St. Louis Railway Company v. Haden.

### (Decided October 15, 1913).

## Appeals from Daviess Circuit. Court.

1. Railroads—Care to be Used by Street Railroad—Instructions— New Trial.—A street railway company maintaining in a public street a trolley carrying a high power of electricity, must use more than ordinary care in keeping its trolley safe for the protection of people on the street; and where the court by his instructions only required ordinary care, a new trial was properly awarded the plaintiff.

2. Railroads—Care to Be Used in Operation of Cars Under Trolley. —A railroad company operating its cars under a trolley which it knows to be unsafe, and also knows to be dangerous, must use more than ordinary care not to knock the trolley down upon the street endangering persons on the street.

3. New Trial—Discretion of Circuit Court in Granting.—The circuit court has a large discretion in the granting of new trials; and where he grants a new trial, his discretion will not be disturbed unless abused.

4. Railroads—Operation of Street Railroad—Verdict.—There being evidence that a street railway company was negligent in not properly maintaining its trolley, and that the railroad company was negligent in running against the trolley with its boom, causing the trolley to break and injure the plaintiff, a verdict in his favor against both defendants will not be disturbed.

E. B. ANDERSON, FUNKHOUSER & FUNKHOUSER and C. M. FINN for appellant Owensboro City Railroad Company.

J. R. SKILLMAN, R. A. MILLER and MILLER, SANDIDGE & MALIN for appellant Louisville, Henderson & St. Louis Railway Company.

LeVEGA CLEMENTS, BEN D. RINGO for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

The track of the Louisville, Henderson & St. Louis Railroad Company crosses West Ninth street in Owensboro, Kentucky. The Owensboro Street Railway Company operates its cars along west Ninth street, the trolley being placed under a contract between the two companies twenty-two feet above the track of the rail-

road company. On June 27, 1912, about three o'clock in the morning a road ditcher was taken from Owensboro down Ninth street; it carried a boom and mast about 18 feet high and considerable damage was done to the poles and guy wires while the ditcher was passing along the street, by reason of which, according to the weight of the evidence, the trolley wire sagged about two feet where it crossed the railroad. About seven o'clock that morning the work train of the railroad company went out of Owensboro and passed under the trolley wire without trouble. In the train was a derrick car which carried a mast extending up 19 1-2 feet above the tracks and a boom twenty-eight feet long, the boom being anchored to the mast and standing at an angle of about forty-five degrees. About noon, the work train returned to Owensboro, and in passing over Ninth street, either the mast or the boom came against the trolley wire, causing it to break in two and strike J. T. Haden, a workman, who was on the street near by getting a drink of water from a water barrel provided for the workmen. He was severely injured by the electricity which the wire carried; and brought this suit to recover for his injuries against the street railway company and the railroad company. On the first trial of the case he recovered a verdict against the railroad company for $2,500, the jury finding in favor of the street railway company. Upon motion the court set aside the verdict and granted a new trial. On the second trial of the case there was a verdict in favor of Haden against the railroad company for $1,500, and against the street railway company for $500. The court entered judgment on the verdict; both companies appeal, and Haden prosecutes a cross appeal against the railroad company insisting that the court erred in setting aside the first verdict as to it.

On the first trial of the case, the court instructed the jury in substance that it was the duty of the street railway company to use ordinary care in keeping its trolley wire safe. In handling such a dangerous instrumentality as a high current of electricity in a public street it was incumbent upon the street car company to use a much higher degree of care to keep its wire safe. (McLaughlin v. Electric Light Co., 100 Ky., 173; Lancaster v. Central City Light and Power Co., 137 Ky., 361; Thomas v. Maysville Gas Co., 108 Ky., 224.) The jury having found against the plaintiff and in favor of the street railway

company under the erroneous instruction the court did not err in granting the plaintiff a new trial as to it.

It is earnestly insisted that the court erred in granting the railroad company a new trial and setting aside the first verdict as to it. But the circuit court sees and hears the witnesses; he has a large discretion in granting a new trial, and where he grants a new trial, this court will not disturb his judgment, unless his discretion was palpably abused. In view of all the facts we conclude that the circuit court did not abuse a sound discretion in ruling as he did on that motion for new trial.

On the appeal of the railroad company from the judgment entered on the second verdict, it is insisted that the court made the same error on the second trial in only requiring ordinary care on the part of the street railway company, and that he placed the same degree of care upon the railroad company. It is said that this was prejudicial to the railroad company and resulted in the verdict for $1,500 against it, when there was only a verdict for $500 against the street railway company. While the court erred in not imposing a greater degree of care upon the street railway company, we do not see that the railroad company can complain; for it knew of the dangerous current carried by the trolley wire and knew the danger to the people on the street from running its train against the trolley and breaking it. As it knew the danger there was the same necessity for proper care on its part as on the part of the street railway company, and the court should have imposed this higher degree of care on it as well as on the street railway company; for one who knows the dangerous character of a trolley is under the same necessity to exercise proper care not to knock it down upon the people in the street, as the owner of the trolley who maintains it. The instruction was prejudicial to the plaintiff, but he is not complaining of the verdict rendered on the second trial.

The verdict of the jury shows that they in effect found that the wire was sagged; that the street car company had notice of its condition, or should have discovered it, and that the railroad company also had notice of it. The railroad company maintained a watchman at the crossing and there seems to have been no reason why this watchman who had been there all the morning, could not see the sagged condition of the wire which was apparent to other persons in the vicinity. When the train returned at noon it backed in, so that the boom which

stood at an angle of about forty-five degrees came against the wire and caught it, when in going in the opposite direction, the wire simply dragged along the boom until it passed over the top. The proof, was very conflicting, but we cannot say that the verdict of the jury in finding the facts to be as above indicated, is against the weight of the evidence.

There was no substantial error of the court in the admission or rejection of evidence, or in the instructions to the jury to the prejudice of the defendants.

The judgment complained of is affirmed on both the appeals; and on the cross appeal.